CHARLES E. BIDWELL et al., Appellants, v. DANIEL E. SHAW
                    et al., Respondents.

                (City Court of New York — General Term, June, 1894.)

In an action for breach of a contract of sale by the vendee's refusal to
    accept the goods, a counterclaim for a breach of the contract by the ven-
    dor in refusing to perform by delivery or offer to deliver, which claims
    general damages therefor, is sufficient.

APPEAL from two orders overruling demurrers, and from
an interlocutory judgment entered thereon.

*Norwood & Dilley*, for appellants.

*Francis A. Wilson*, for respondents.

CONLAN, J. This is an appeal from one interlocutory
judgment entered upon an order overruling two demurrers to
counterclaims set up in the answer herein.

The complaint alleges a contract in writing between plain-
tiffs and defendants to the effect that defendants were to
receive at a fixed price a certain quantity of gambiers, to be
shipped at Singapore during the months of April, May, June,
July and August, 1893, per sailing vessel to the port of New
York, "no arrival, no sale."

The complaint further alleges the arrival of the gambiers as
provided for in the contract, the refusal of the defendants to
receive or accept the same after notice and tender by the
plaintiffs, and demands judgment for damages sustained in
labor, insurance, brokerage, storage, interest, etc., growing out
of said refusal to perform on the part of the defendants.

The answer of the defendants admits the contract and the
arrival of the gambiers, and alleges a willingness on their part
to perform the contract according to its terms; further
answering, and by way of counterclaim, they allege a refusal
on the part of the plaintiffs to perform their part of the con-
tract by a delivery or an offer to deliver the merchandise con-
tracted for, and claim damages generally therefor.

Plaintiffs demur to said counterclaims on the ground that
they do not state sufficient facts to constitute a cause of action.

In this we think the plaintiffs are in error.

The breach of the contract by the plaintiffs, if established, is sufficient in itself to entitle the defendants to damages, but the nature, character or measure of damages to which the defendants may be entitled is for the court and jury at trial term.

If the plaintiffs desire to be more specifically advised as to the nature of defendants' claim for damages, they may move for a bill of the particular items composing such claim, but their remedy is not by demurrer.

The order of June eleventh, overruling the demurrers, and the interlocutory judgment thereon, should be affirmed, with costs.

NEWBURGER, J., concurs.

Order and judgment affirmed, with costs.